Grafton,
June 2, 1914.

Charles C. Tyrrell, *Adm'r*, v. Boston & Maine Railroad.

Where it appears that warnings which railroad employees failed to give after discovering a traveler in a position of danger might have enabled him to escape injury at a grade crossing, the question whether he was negligent in driving upon the track is immaterial.

Evidence that a traveler injured at a grade crossing habitually listened for trains at that point is admissible to prove his care on the occasion in question, if his conduct as he approached the crossing is not fully disclosed.

CASE, for negligently causing the death of Amy A. Tyrrell, the plaintiff's intestate, at a farm crossing. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1913, of the superior court by *Young*, J., on the defendant's exceptions to the denial of motions for a nonsuit and the direction of a verdict in its favor and to the admission of evidence that it was Mrs. Tyrrell's habit to listen for trains at the crossing where she was injured.

The plaintiff's evidence tended to prove that Mrs. Tyrrell was driving a quiet horse attached to a long-bodied farm wagon. It was about six o'clock when she drove upon the crossing. The horse was walking. When she reached the gate she stopped the horse and waited until a man who was following the wagon opened the gate. She then drove upon the track and was struck by a locomotive running backward. The rear end of the wagon was between the rails. The natural obstructions were such that she could not look up the track in the direction from which the locomotive came until she was within seven or eight feet of the nearest rail. The engineer saw the horse approaching the track when its head was from five to eight feet from the rail and when the locomotive was 200 feet from the crossing. Although he applied the emergency brake, he neither sounded the whistle nor rung the bell. The locomotive was running down grade at a speed of about twenty-five or thirty miles an hour and was not working steam. If it had been properly equipped, or if the engineer had sounded the whistle as he approached the crossing or even when he first saw the horse's head, the accident would not have happened.

*Owen & Veazey* and *Charles B. Hibbard* (*Mr. Hibbard* orally), for the plaintiff.

*Burleigh & Adams* and *Stephen S. Jewett* (*Mr. Jewett* orally), for the defendant.

PEASLEE, J.   The defence relied upon is that there was no evidence of care on the part of Mrs. Tyrrell; but it appears in evidence that even after she got in a dangerous situation the defendant's servants could have given warnings which they failed to, and that if these warnings had been given she might have escaped in safety. If the jury took this view of the facts, there would be no occasion to consider whether she was negligent in driving upon the track when and as she did.

Evidence of her habit of care is objected to upon the ground that her conduct is fully disclosed and therefore the evidence is inadmissible.   The evidence of what she did or did not do as she approached the crossing does not cover all the time.   The only eye-witness to the accident who was near her was occupied in closing a gate during the latter part of her approach to the crossing.   He was then back to her, and, as he himself testified, she might have listened during this time.   No other objection to the admission of the evidence was made; and as the record shows that this one is not supported by the testimony in the case, the exception must be overruled.   It is therefore unnecessary to consider the argument advanced by the plaintiff to the effect that the admissibility of evidence of habit to prove action upon a particular occasion is not limited to cases where there is not direct proof of what was done.

*Exceptions overruled.*

YOUNG, J., did not sit: PLUMMER, J., was absent: the others concurred.